**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|   |   |
|---|---|
| LOUIS AURICCHIO,            : | |
| : | Civil Action No. 05-5751 (SRC) |
| Petitioner,     : | |
| : | |
| v.                          : | **O P I N I O N** |
| : | |
| BRIAN A. BLEDSOE,           : | |
| : | |
| and                         : | |
| : | |
| THE ATTORNEY GENERAL OF     : | |
| THE STATE OF NEW JERSEY,    : | |
| : | |
| Respondents.   : | |

**APPEARANCES:**

> LOUIS AURICCHIO, pro se
> #09250-050
> USP Lee
> P.O. Box 305
> Jonesville, VA 24263

**STANLEY R. CHESLER, District Judge**

On December 5, 2005, Petitioner, Louis Auricchio (hereinafter "Petitioner"), currently confined at the United States Federal Prison located at Jonesville, Virginia, filed a pro se petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "Petition") and submitted due filing fees. On January 24, 2006, this Court issued an Order (hereinafter "January Order") directing Petitioner to show cause as to why his Petition should

not be dismissed as time-barred.  See Auricchio v. Bledsoe et al., 3:05-cv-05751, Docket No. 3.  On March 13, 2006, Petitioner filed his response (hereinafter "Response") to the January Order.  After examination of Petitioner's Petition and Response, this Court dismisseS Petitioner's Petition as time-barred for the reasons stated below.

## BACKGROUND

It appears that Petitioner's criminal record includes the following sentences: (1) sentence entered by the District Court of New Jersey on July 17, 1989; (2) sentence entered by the District Court of New Jersey on May 19, 1994; and (3) sentence entered by the Superior Court of New Jersey, Ocean County, on June 10, 1994. See Mem. of Law in Sup. of Pet. Under 28. U.S.C. § 2254 for Writ of Habeas Corpus (hereinafter "Mem.") at 1-2.  On June 29, 1995, denial of jail credits to Petitioner was confirmed by the Superior Court of New Jersey, Ocean County.  See id.

In 1998, Petitioner retained counsel "to file [with the Superior Court of New Jersey, Ocean County] a . . . petition for a post conviction relief along with a motion to seal," (hereinafter "1998 Petition").  This petition was denied as time-barred, the denial was affirmed by the Superior Court of New Jersey, Appellate Division, and the Supreme Court of New Jersey denied Petitioner a certificate to appeal.  See id. at 3-5.

2

"On August 8, 2003, [P]etitioner filed a motion for gap-time credits" that was denied by the Superior Court of New Jersey on October 28, 2003, and that denial was affirmed by the Superior Court of New Jersey, Appellate Division, on November 24, 2003. Response at 8. The Supreme Court of New Jersey denied Petitioner a certificate to appeal on February 16, 2005. Id. at 9. "On March 21, 2005, [P]etitioner was denied his request for a new petition for post-conviction relief." Id. "Petitioner argues that he is entitled to equitable tolling for the time during which his . . . petition . . . was pending in the state court." Id.

## DISCUSSION

Prior to examining Petitioner's application on merits, this Court shall determine whether Petitioner's application to this Court for a writ of habeas corpus is time-barred. See Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004) (stating that a court may examine an application for a writ of habeas corpus sua sponte and citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 & n.3 (9th Cir. 2001); Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999)).

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ

3

of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). However, if a conviction became final prior to the effective date of the AEDPA, that is, prior to April 24, 1996, the petitioner's one-year limitations period began on April 24, 1996, see Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001), Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998), and, absent statutory or equitable tolling, the limitations period expired on April 23, 1997. See id.

Although the statute of limitations under § 2244(d) is subject to statutory tolling, see Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998), the limitations period does not get statutorily tolled if petitioner does not file his first state petition for post conviction relief until after the limitations period expires. See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same). Hence, Petitioner's Petition became time-barred as of April 24, 1997, unless an application for post-conviction relief had been filed prior to that date. Since Petitioner did not even attempt to file a state petition for collateral review at any time between April 24, 1996, and April 23, 1997, his limitations period was not statutorily tolled at any time and indeed expired on April 24, 1997. Cf. Long, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004). Petitioner's attempts to file for post-conviction relief and for gap-time credits after April 23, 1997, are irrelevant to this inquiry.

The AEDPA statute of limitations, however, is also subject to equitable tolling, see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), but "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005) (emphasis in original). Mere excusable neglect is not sufficient. See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where

extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). Therefore, in order to qualify for equitable tolling, Petitioner has to state extraordinary circumstances that prevented Petitioner from filing his Petition for a writ habeas corpus *during the period from April 24, 1997, until the date of Petitioner's filing of his current Petition*, *that is, December 5, 2005*, the total of almost ten years. Petitioner's Petition and Response, however, are silent as to any facts that (1) cover this period; and (2) may qualify as "extraordinary circumstances."[1]

Since, based on the information provided in Petitioner's Petition and Response, it appears that there were no extraordinary circumstances warranting equitable tolling, the Court holds that

---

[1] It appears that Petitioner confuses the nature of statutory and equitable tolling, since his Response expressly requests to grant him equitable tolling during the periods while his applications for post-conviction relief were pending. See Response at 9. The fact of having one's application for post-conviction relief pending does not qualify as "extraordinary circumstances."

the instant § 2254 Petition is time-barred.  Accordingly, the Court dismisses the Petition with prejudice as untimely.  28 U.S.C. § 2244(d)(1).

## CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## **CONCLUSION**

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

```
                             _____s/_____
                                 STANLEY R. CHESLER
                              United States District Judge
```

Dated:    March 22, 2006